1843.

CURTIS
v.
LEAVITT.

CURTIS and others, Trustees, &c. v. LEAVITT, Receiver, &c. and others.

A bill cannot be so amended in its prayer as to change its object.

*May* 1, 1843.

*Practice.*
*Bill.*
*Amend-*
*ment.*
*Pleading.*

ON petition for leave to amend the bill which had been filed, under oath, to establish the validity of assignments or trust conveyances made to the complainants by the Directors of the North American Trust and Banking Company, an association under the general banking law, which had now become insolvent and over the assets of which the defendant David Leavitt was appointed receiver. The complainants in their bill charged the said receiver, the defendant David Leavitt, with making a false and inequitable claim to the assigned property, with subjecting the complainants, as trustees, to great delay and expense, as well as endangering the trust funds by resisting their claim in numerous suits which they had been obliged to bring to enforce payment of bonds and mortgages assigned to them and in which suits they had made the said Leavitt a defendant. And in their bill they had asked to have their rights settled in this suit and the trusts of the assignment to them declared valid; and that a receiver of a considerable portion of the property should be appointed and for an injunction against the said David Leavitt, to restrain him from interfering with the trust property or resisting their claims in the foreclosure suits.

The complainants' petition set forth that no answers had been put in; that a special receiver had been appointed, who had had the aforesaid bonds and mortgages assigned to him; that, now, the prosecution of the said suit for any other purpose than the appointment of the said special receiver had become comparatively unimportant, especially as the complainants, petitioners, were informed and believed that the defendant, David Leavitt, as general receiver aforesaid, had prepared and was about to file his bill of complaint for the purpose of setting aside the trust conveyance

mentioned in the said bill ; that the petitioners were anxious to avoid the additional expense and trouble which would be occasioned by the said receiver's bill assuming the form of a cross-bill ; and, therefore, they proposed amendments, (which were annexed to the bill,) in order that the litigation, as to the said trust conveyances, might be simplified and rendered less vexatious and expensive by limiting their said bill to the sole object of the appointment of the said special receiver and thereby rendering any answer and any further litigation therein unnecessary.

All the proposed amendments had reference to the prayer of the bill—and, in making them, it was suggested to strike out as well as to insert matter.

It appeared that, at the time the original bill was filed, the complainants were aware that the general receiver, David Leavitt, intended to file a bill to set aside the assignments or trust conveyances as unauthorized and illegal. He also had put in his answer a short time after the petition to amend had been served.

Mr. *W. C. Noyes* and Mr. *B. F. Butler*, for the complainants.

Mr. *Titus* and Mr. *G. Wood*, for the defendant David Leavitt.

Mr. *C. C. King*, for the defendants Messrs. Palmers, McKillop, Dent & Co.

THE VICE-CHANCELLOR :—I cannot perceive the necessity or propriety of granting leave to the complainants to amend their bill in the particulars proposed.

It is true, the proposed amendments do not go to change or alter any statement or allegation of fact in the bill ; as they relate solely to its prayer. But if they were to be allowed, they would materially change the objects of the bill, restricting it to the appointment of a special receiver and dropping the other and principal object which the bill seems to have in view, namely, that of confirming what is called the million and first half million trust in the complainants,

1843.

CURTIS
*v.*
LEAVITT.

*Oct. 7.*

**1843.**

CURTIS
*v.*
LEAVITT.

and establishing their title to the bonds and mortgages, so that they might proceed with the foreclosure suits without impediment from the defendant David Leavitt. The propriety of filing the bill for all these purposes must be left to the hearing; and I consider that the bill should, therefore, remain as when filed. The costs of the suit may be matter of some importance; and the question on that subject ought not to be embarrassed by any change in the prayer and object of the bill. If, when filed, it was improper in any one aspect or feature, the complainants must not be allowed to escape from the consequences of any such impropriety by striking out and changing its features or object, especially after answers have been interposed. Besides, the defendant Leavitt has filed a cross-bill or a bill in the nature of a cross-bill, containing upwards of eleven hundred folios and very voluminous schedules in addition, in which is set out the prayer and objects of the present bill. To amend the one, would be productive of some discrepancy in the other; and might be attended with embarrassment at the final hearing.

I am of opinion the bill must remain in its present form; for I can perceive no good purpose to be answered by allowing the proposed alterations to take place.(*a*)

Motion denied, with costs to be taxed.

(*a*) This decision was affirmed by the Chancellor on appeal.